JONES S. KELLEY *vs.* IRA WEYMOUTH *et al.*, and Charles A. Nealley, trustee.

Penobscot.   Decided May 8, 1878.

*Trustee process.*

The statute says: "The answers and statements sworn to by a trustee shall be deemed true, in deciding how far he is chargeable, until the contrary is proved." R. S., c. 86, § 29. *Held,* that the question, whether the trustee is chargeable, is to be decided on the rule of the preponderance of evidence applicable in civil actions; and in deciding that question, the answers of the trustee are to be weighed and their effect determined by the general principles on which conclusions are to be drawn from any other lawful evidence.

ON EXCEPTIONS.

TRUSTEE PROCESS.

The trustee disclosed that, under a contract between him and the principal defendants, for cutting, hauling and driving logs, the defendants had earned the sum of $6,727, towards which he, trustee, had, from time to time before service of the writ, made payments to an amount sufficient to reduce the indebtedness to about or less than $900. To offset this and show a balance due the trustee, he further disclosed that, a few months previous to the contract, the defendants had, without authority and without the knowledge of trustee, taken from the trustee's camp, near Chesuncook, a large lot of camp and logging utensils; that, upon learning the fact, he called defendants' attention to it, and it was thereupon agreed that the sum of $1,000 in gross should be allowed by them for the same, towards the contract then at the same time made for cutting and hauling the logs.

The sum of $1,000 being charged, a balance would be due trustee, and for that reason he claimed to be discharged.

Allegations of facts being filed against the propriety of the allowance of the whole sum of $1,000, evidence was offered on both sides, tending to disprove the propriety of the charge in full, and also to support it. The principal defendants affirmed the agreement, and no other direct testimony was offered to that

point, no other person being present when the alleged agreement was made.

It was not denied, however, that the actual value of the things taken was, in fact, less than the sum charged, trustee claiming that a higher price for the work was assented to because of the enhanced value agreed upon for the articles taken.

The evidence, however, it was contended, tended to prove that no such agreement was made; the declarations of both parties being testified to, which, it was contended, contradicted such agreement, and were alleged to be inconsistent therewith. Much impeaching testimony was offered on the one side and the other, and received by the presiding justice.

Counsel for trustee contended that the disclosure of the trustee, of the fact that there was such an agreement, must be taken to be true and conclusive until disproved; that impeaching testimony alone was not sufficient to disprove it, and that, unlike the ascertainment of facts in the usual mode of trial by jury in civil cases, the verdict or result was not to be arrived at by a balancing of the testimony, but depended upon the fact alone that the agreement disclosed by the trustee should be disproved.

The presiding justice overruled the point, and allowed only what the articles were reasonably worth, and charged the trustee for the balance with interest; and the trustee alleged exceptions.

*A. W. Paine*, for the trustee.

*F. A. Wilson & C. F. Woodard*, for the plaintiff.

APPLETON, C. J.   The trustee in this case disclosed a contract between him and the principal defendants, for cutting, hauling and driving logs, on which was due about nine hundred dollars. He further disclosed that the principal defendants took, without his knowledge or permission, a quantity of camp and logging utensils; that, learning this fact, he called the defendants' attention to it, and the matter was arranged between them, by the defendants allowing him for the utensils so taken the sum of one thousand dollars towards the contract for hauling the logs aforesaid.

It is obvious that the trustee's liability depended upon the

truth of the alleged settlement for the camp and logging utensils tortiously taken, and whether the same, if made, was made in good faith.

The principal defendants testified to the settlement as set forth in the disclosure of the trustee.

Allegations were filed against the allowance of this sum of a thousand dollars, in pursuance of R. S., c. 86, § 29.

The questions of fact arising under such allegations were by mutual consent submitted to the presiding justice, by whom they were determined.   § 30.

The alleged settlement was impeached by its intrinsic improbability, arising from the trifling value of the camp and logging utensils as compared with the sum said to be allowed by the defendants for the same.   It was further impeached by the declarations of the defendants and of the trustee inconsistent with the truth of the statements respectively made by them.

The presiding justice, after weighing the disclosure of the trustee, and all the evidence adduced on the one side and the other, allowed the trustee what these articles were reasonably worth, and charged him for the balance, to all which exceptions were duly alleged.

By R. S., c. 86, § 29, " The answers and statements sworn to by a trustee shall be deemed true, in deciding how far he is chargeable, until the contrary is proved ; but the plaintiff, defendant and trustee may allege and prove any facts material in deciding that question."

By § 30, " Any question of fact, arising upon such additional allegations, may, by consent, be decided by the court, or submitted to a jury in such manner as the court directs."

The answer of the trustee, with the facts alleged and proved, are to be decided, by the tribunal to which they are submitted for determination, on the preponderance of testimony.

If the disclosure of the trustee contains a statement of improbable or contradictory facts, such improbability or contradictions are proper subjects for consideration in arriving at a conclusion. If, on the face of the disclosure, the falsehood of a part of the statements therein contained is apparent, upon comparison with

other portions of the disclosure and with facts alleged and proved, the court or jury should act in accordance with their convictions thus derived from such comparison. No statute, no rule of law, requires court or jury to decide adversely to its own conclusions as to the facts in controversy. No statute, no rule of law, is to be found compelling any court or jury to determine that the balance of evidence is in favor of one party, when, on full consideration of the proofs adduced, it is satisfied that the balance is in favor of the other party.

"The unqualified declaration of a trustee, that he has no goods, effects nor credits of the principal defendant in his hand or possession," observes Rice, J., in *Moor* v. *Towle*, 38 Maine, 133, "will discharge him, unless there are such facts stated by him, or proved by other competent evidence, inconsistent with his declarations, as will be found sufficient to overcome them." In that case, as in this, such facts were found and the trustee was charged. In *Porter* v. *Stevens*, 9 Cush. 530, 536, Cushing, J., says: "He (the trustee) is to be charged or not, according as, on a just view of all the facts, the weight of evidence and of conviction shall fairly preponderate. . . He testifies under the ordinary obligations of an oath, in courts of law, and his testimony is to be weighed and its effects determined by the general principles on which conclusions are to be drawn from any other lawful evidence." The presiding justice, giving to the answer of the trustee its just weight, and comparing it with the conflicting facts alleged and proved, and the contradictory statements of the trustee and the principal defendants adjudged the trustee, on the whole, chargeable, and in this there was no error.

*Exceptions overruled.*

DICKERSON, DANFORTH, VIRGIN, PETERS and LIBBEY, JJ., concurred.